UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00528-FDW

| | | |
|---|---|---|
| KIYA CUNNINGHAM., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WELLS FARGO N.A.; NADINE | ) | |
| MOONEY; JENNIFER JOHNSON; | ) | |
| TRACY TOLAND; DAVID MCDOWELL; | ) | |
| CHARLES STOKES; and JOHN DOE; | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER is before the Court on Defendants' Motions to Dismiss pursuant to Rules 12(b)(1), 12(b)(2), 12(b)(4), 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. Nos. 6, 16). Defendants filed a Memorandum in Support of its Motion to Dismiss the Amended Complaint, Plaintiff filed a Response, and Defendants filed a Reply. (Doc. Nos. 17, 19, 20). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss the Amended Complaint and DENIES AS MOOT Defendants' Motion to Dismiss the Original Complaint (Doc. No. 6).

## I.        Background

Plaintiff, an African American female, began working for Defendant Wells Fargo in 2006. (Doc. No. 13 at 3, ¶ 12, 13). Plaintiff continues to work for Wells Fargo as an Operational Risk Consultant with the job title of Shared Risk Platform Administrator ("SHRP")/Data Management Risk ("DMR"). Id. at 3, ¶ 14. On July 5, 2019, Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging discrimination by Defendant Wells

1

Fargo on the basis of race, sex, disability, and retaliation. (Id. at 9, ¶ 61; Doc. No. 17-3 at 2). The EEOC charge lists the dates of the alleged acts of discrimination as occurring between June 15, 2018 and June 27, 2020. (Doc. No. 13-3 at 2). On July 17, 2019, the EEOC issued Plaintiff a Right to Sue Letter for EEOC Charge No. 430-2019-02364 (Doc. No. 13 at 9, ¶ 61; Doc. No. 17-3). On October 11, 2019, Plaintiff filed a *pro se* Complaint, "alleging claims relating to discrimination based upon her race, gender, disability, and exercising her rights under the FMLA [Family Medical Leave Act of 1993], along with several related common law causes of action." (Doc. No. 13 at 11, ¶ 75; Doc. No. 17-2). Therein, Plaintiff listed the following Defendants: "Wells Fargo N.A., Wells Fargo & Company, Nadine Mooney, Jennifer S. Johnson, Tracy A. Toland, David McDowell, Charles 'Chuck' Stokes, and John Doe." (Doc. No. 17-2 at 3). The circumstances and actions Plaintiff based this Complaint upon relate to "allegation[s] that her supervisors and co-workers, all white, removed all of her work responsibilities, refused to promote her, and isolated her from any meaningful interference with her work." (Doc. No. 19 at 3).

On the same day Plaintiff filed her original *pro se* Complaint, she issued Summonses to all named Defendants with the exception of Wells Fargo & Co., an entity Plaintiff has since dismissed from the case. (Doc. Nos. 2, 19 at 3). Plaintiff submitted the summonses and Complaint to the United States Postal Service ("USPS") on January 8, 2020, to be delivered via certified mail. (Doc. Nos. 2, 17 at 2–3, 19 at 3). On January 10, 2020, Defendants Nadine Mooney and Jennifer Johnson each received a summons and Complaint through certified mail. (Doc. No. 17-1 at 2, 3). Defendant David McDowell received a summons and Complaint for the lawsuit through certified mail on January 11, 2020. Id. at 4. Defendant Charles Stokes has not signed for delivery of the summons and Complaint, but, according to the "Declaration of Charles Stokes," he twice received a copy.

2

Id. at 5.

On January 13, 2020, a summons and Complaint was delivered to Defendant Wells Fargo N.A. through certified mail, but the summons did not include the name of any officer, director, or managing agent of the Company, or other agent authorized by appointment or by law to be served or to accept service of process on behalf of Wells Fargo, N.A. (Doc. Nos. 17 at 3; 17-2; 19 at 4). The summons was addressed to "Wells Fargo N.A.," however, the parties agree the correct name of Plaintiff's employer is "Wells Fargo *Bank*, N.A." (Doc. No. 17 at 1; Doc. No. 17-2 at 7; Doc. No. 19 at 1, n. 1) (emphasis added). The final Defendant, Tracy Toland, received the summons and Complaint through certified mail on January 18, 2020. (Doc. No. 17-1 at 7). On February 20, 2020, the named Defendants filed a Motion to Dismiss and Memorandum in Support. (Doc. Nos. 6, 7).

On March 3, 2020, Plaintiff filed a second complaint with the EEOC (Charge No. 430-2020-01423) alleging discrimination by "Wells Fargo Bank" on the basis of race, retaliation, and disability. (Doc. No. 17-4 at 2). The charge lists the earliest "date of discrimination" as September 5, 2019 and the latest as March 3, 2020. Id. This charge is still pending with the EEOC. (Doc. No. 17 at 2).

Plaintiff, obtained counsel, who then filed an Amended Complaint on March 12, 2020, while the previously-filed motion to dismiss was pending. (Doc. No. 19). Defendants filed a new Motion to Dismiss the Amended Complaint and Memorandum in Support on April 9, 2020. (Doc. Nos. 16, 17). Plaintiff filed a Response in Opposition on April 23, 2020, and Defendants filed a Reply on April 30, 2020. (Doc. Nos. 19, 20).

## II.    Standard of Review

3

Defendants move to dismiss Plaintiff's complaint on several grounds pursuant to Rule 12 of the Federal Rules of Civil Procedure.

### A. Motion to Dismiss – Fed. R. Civ. P. 12(b)(1)

Federal Rule of Civil Procedure (12)(b)(1) requires dismissal of claims against all defendants where the Court determines that it lacks subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be raised at any time either by a litigant or the court. Mansfield, C. & L.M.R. Co. v. Swan, 111 U.S. 379, 382 (1884). The burden of establishing subject matter jurisdiction lies on the party asserting its existence. Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

### B. Motion to Dismiss – Fed. R. Civ. P. 12(b)(2)

Rule 12(b)(2) provides for dismissal where the court lacks personal jurisdiction over a particular named defendant. In the Fourth Circuit, the standard for deciding a motion based on Rule 12(b)(2) was explained in Combs v. Bakker, which noted a plaintiff has the burden to prove personal jurisdiction by a preponderance of the evidence. 886 F.2d 673, 676 (4th Cir. 1989). A court must resolve factual disputes in favor of the party asserting jurisdiction for the limited purpose of the *prima facie* showing. Id. at 676. Such resolution must include construing all relevant pleadings in a light most favorable to the plaintiff, assume the credibility of any affiant, and drawing the most favorable inferences for the existence of jurisdiction. Id.; see also Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003) (citing Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 60 (4th Circ. 1993)).

### C. Motion to Dismiss – Fed. R. Civ. P. 12(b)(4) and 12(b)(5)

Defendant also moves this Court to dismiss Plaintiff's Complaint for insufficient process pursuant to Federal Rule of Civil Procedure 12(b)(4) and insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). Under these rules, "the plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4." Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003). Where service of process has given the defendant actual notice of the litigation, "the rules, in general are entitled to a liberal construction. When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984). Accordingly, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id. However, this does not give the Court license to ignore the plain requirements for the means of effecting service of process contained in the rules. See id; see also McNeil v. United States, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**D. Motion to Dismiss – Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 12(b)(6) likewise provides for dismissal when the pleading party fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal "sufficiency of a complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); accord E. Shore Mkts, Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000).

5

A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive only if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Robinson v. American Honda Motor Co., Inc., 551 F.3d 218, 222 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

### III.    Analysis

#### A.  Process and Service of Process Defects

Defendants contend this Court lacks personal jurisdiction over them because they were not properly served. When a defendant seeks dismissal for insufficient process or insufficient service of process under Rules 12(b)(4) and 12(b)(5), the plaintiff bears the burden of establishing that proper service of process was performed and that the process itself was proper. Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003) (citing Karlsson v. Rabinowitz, 318 F.2d 666, 668–69 (4th Cir. 1963)); see also Brissett v. Freemont Inv. & Loan Corp., No. 4:08-CV-77-F, 2010 WL 686547, at *2 (E.D.N.C. Feb. 24, 2010)). "In determining whether the plaintiff has satisfied his burden, the technical requirements of service should be construed liberally as long as the defendant had actual notice of the pending suit." Elkins, 213 F.R.D. at 275.

Defendants assert three grounds to support their argument that process and service of process were deficient in this case. First, Defendants argue Plaintiff's summons to Wells Fargo

6

N.A. is defective and Plaintiff failed to affect service. Second, Defendants argue Wells Fargo & Co. has not been served with a summons or Complaint. Because Plaintiff has since dismissed Wells Fargo & Co. from the Complaint with prejudice, this argument is dismissed as moot. Third, Defendants contend Plaintiff failed to timely serve Nadine Mooney, Jennifer S. Johnson, Tracy A. Toland, David McDowell, Charles 'Chuck' Stokes, and John Doe (collectively, "Named Defendants").

As to the first argument, Defendants argue Plaintiff's summons to Wells Fargo Bank, N.A. is defective pursuant to Federal Rule of Civil Procedure 4 because Plaintiff erroneously named the entity by leaving out the word, "[b]ank" and instead addressing the summons to a non-entity, "Wells Fargo, N.A." For this reason alone, Defendants argue the Complaint should be dismissed pursuant to rules 12(b)(4) and 12(b)(5) of the Federal Rules of Civil Procedure.

Further, Defendants argue the summons issued to Wells Fargo Bank, N.A., is defective due to Plaintiff's failure to designate an authorized person to accept service on its behalf. See Sweeting v. Wells Fargo Bank, No. 3:17-CV-00309-FDW, 2017 WL 3923978, at *3 (W.D.N.C. Sept. 7, 2017) ("Summons issued to a corporation without the identification of an officer, director, or managing or authorized agent is defective on its face.") (citing Lane v. Winn-Dixie Charlotte, Inc., 609 S.E.2d 456, 460 (N.C. Ct. App. 2005) ("A review of the summons demonstrates that plaintiffs failed to designate any person authorized by Rule4(j)(6) to be served on behalf of the corporate defendant in violation of the clear requirements of the rule. Accordingly, the summons was defective on its face.")).

Defendants also contend Plaintiff failed to affect service upon the Named Defendants in a timely manner pursuant to FRCP 4(m), which requires that service be made upon a Defendant

"within 90 days after the complaint is filed." Fed. R. Civ. P. 4(m). Because Plaintiff filed the Complaint on October 11, 2019, all Defendants were required to be served by January 9, 2020, as filing an Amended Complaint does not reset the service deadline. See United States ex rel. Moore v. Cardinal Fin. Co., L.P., No. CV CCB-12-1824, 2017 WL 1165952, at *8 (D. Md. Mar. 28, 2017) ("In general, filing an amended complaint does not reset the Rule 4(m) service period except as to those defendants newly listed in the amended complaint.") (internal citation omitted). Defendants assert that because the earliest date any Defendant received a summons and Complaint was January 10, 2020, Plaintiff failed to timely affect service. (Doc. No. 17 at 3).

Plaintiff argues in opposition to dismissal of all Defendants that, given this matter was initially filed *pro se*, the Court should find the requirements for service of process have been met. This Court has previously recognized:

> It is important to note that proceeding pro se ordinarily will not excuse failure to properly accomplish service or a failure to understand the rules. See McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). However, "[w]hen the process gives the defendant actual notice of the pendency of the action, the rules, in general, are entitled to a liberal construction." Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir.1984). Accordingly, "every technical violation of the rule or failure of strict compliance may not invalidate the service of process." Id.

> [I]t has long been the rule in this circuit that service of process is not legally defective simply because the complaint misnames the defendant in some insignificant way." Morrel v. Nationwide Mut. Fire Ins. Co., 188 F.3d 218, 224 (4th Cir. 1999); see also United States v. A.H. Fischer Lumber Co., 162 F.2d 872, 873 (4th Cir. 1947) (citations omitted) ("If [the pleading] names [the parties] in such terms that every intelligent person understands who is meant ... it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else. . . As a general rule the misnomer of a corporation in a notice, summons . . . or other step in a judicial proceeding is immaterial if it appears that [the corporation] could not have been, or was not, misled.") (internal citations and quotations omitted).

8

<u>Brown v. Charlotte Rentals LLC</u>, No. 3:15-CV-0043-FDW-DCK, 2015 WL 4557368, at *3 (W.D.N.C. July 28, 2015). Bearing these principles in mind and in light of the record before the Court in this specific case, the Court finds dismissal of Wells Fargo Bank N.A. is not appropriate.

Plaintiff concedes there are deficiencies in the service of process upon the Individual Defendants. (Doc. No. 19 at 7, n. 4). Plaintiff requests in the alternative that the Court grant her "twenty (20) days from the date of its ruling on the instant motion to correct any service defects, in accordance with FRCP 4(m)." <u>Id.</u> at 7 (citing Fed. R. Civ. P. 4(m) ("[I]f the plaintiff shows good cause for the failure [to serve Defendant within 90 days after the complaint is filed], the court must extend the time for service for an appropriate period.")). In light of the Court's ruling below as to the sufficiency of the allegations against the individually Named Defendants, the Court denies Plaintiff's request contained in her responsive pleading. <u>See</u> LCvR 7.1(c)(1) ("A party seeking a decision on a preserved motion must file a separate motion and supporting brief."). Dismissal of the Individual Defendants' is appropriate here.

**B. Title VII and ADA Claims**

Defendants also move to dismiss Plaintiff's Title VII and ADA Claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In Count One of the Amended Complaint, Plaintiff alleges claims of a hostile work environment and discrimination based on race and color, as well as a claim for retaliation by Defendant Wells Fargo for violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2 <u>et seq</u>. ("Title VII"). (Doc. No. 13, pp. 14– 15). In Count Four, Plaintiff alleges discrimination based on actual and perceived disability by Defendant Wells Fargo, in violation of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 <u>et. seq</u>. ("ADA"). <u>Id.</u> at 18–19.

9

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Under the ADA, "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

Prior to bringing a claim pursuant under Title VII, an individual must first exhaust their administrative remedies. This includes filing a claim with the Equal Employment Opportunity Commission ("EEOC"), "within one hundred and eighty days after the alleged unlawful employment action occurred," and obtaining a right to sue letter from the agency. Id., 42 U.S.C.§ 2000e-5(e)(1). Once the agency issues this letter, the individual then has ninety days to bring suit on the claims alleged in the charge. Id., 42 U.S.C.§ 2000e-5(f)(1). The same actions must be taken prior to bringing a claim under the ADA. See Sydnor v. Fairfax Cty., Va., 681 F.3d 591, 593 (4th Cir. 2012) ("Modeled after Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) et seq., the ADA incorporates that statute's enforcement procedures, id. § 12117(a), including the requirement that a plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before pursuing a suit in federal court, see id. § 2000e–5(b), (f)(1)." When a plaintiff fails to file suit within the 90-day period after receiving his right to sue, he is precluded from thereafter "make claims based on allegations in that charge." Clark v. DynCorp. Int'l, LLC, 962 F.Supp.2d 781, 787 (D. Md. 2017).

> Under the EEOC administrative framework, "an individual alleging discrimination
> in violation of Title VII must first file an administrative charge with the EEOC

10

within a certain time of the alleged unlawful act." [Chacko v. Patuxent Inst., 429 F.3d 505, 508 (4th Cir. 2005)]. Plaintiff must "describe generally the action or practices complained of." Id. (quoting 29 C.F.R. § 1601.12(b) (2004)). The Fourth Circuit construes EEOC charges "liberally." Id. at 509. If a plaintiff's claims raised under Title VII, however, "exceed the scope of the EEOC charge and any charges that would naturally have arisen from an investigation thereof, they are procedurally barred." Id. (quoting [Dennis v. Cty. of Fairfax, 55 F.3d 151, 156 (4th Cir. 1995)]).

"[A] plaintiff fails to exhaust [her] administrative remedies where ... [her] administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in [her] formal suit." [Chacko, 429] at 506.

Hadley v. City of Mebane, No. 1:18CV366, 2020 WL 1539724, at *10 (M.D.N.C. Mar. 31, 2020).

The Supreme Court has "held that Title VII's charge-filing requirement is not jurisdictional, but rather a claims-processing rule." EEOC v. 1618 Concepts, Inc, No. 19-CV-672, 2020 WL 87994, at *2 (M.D.N.C. Jan. 7, 2020) (citing Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850–51 (2019)). Thus, motions to dismiss for failure to exhaust administrative remedies are analyzed under Rule 12(b)(6) rather than 12(b)(1). 1618 Concepts, Inc, No. 19-CV-672, 2020 WL 87994, at *2.

Relevant to this action, Plaintiff timely filed her EEOC charge on July 5, 2019, identifying charges of discrimination based on race, retaliation, sex, and disability. Plaintiff's charge also included her assertion that she had been subjected to retaliation and discrimination due to her race and sex in violation of Title VII and the ADA. Plaintiff received her right to sue letter on July 17, 2019, and instituted this action by filing her Complaint on October 11, 2019.

However, Defendants contend Plaintiff is barred from bringing a Title VII claim because she failed to directly allege a cause of action for Title VII in her original Complaint. Defendants argue that because Plaintiff addressed that claim for the first time in her Amended Complaint filed

March 12, 2020, months past the expiration of the ninety-day deadline, she is now precluded from bringing a Title VII claim based on the allegations in that Charge. Further, because Plaintiff did not check the box for "color" discrimination in the July 2019 EEOC Charge, Defendants argue she has failed to exhaust her administrative remedies for the Charge and thus cannot bring a claim for color discrimination under Title VII.

Finally, Defendants assert that because Plaintiff's Amended Complaint contains numerous allegations concerning events that occurred after the dates of discrimination listed in her July 2019 EEOC Charge, for which she was issued a right to sue letter that same month, her Title VII and ADA claims exceed "the scope of that Charge." (Doc. No. 17 at 10). Plaintiff filed a new Charge with the EEOC on March 3, 2020, for which this record is unclear as to whether she has received a right to sue letter. In this new Charge, Plaintiff similarly alleges discrimination based on race, retaliation, and disability in violation of Title VII and the ADA. (Doc. No. 17-4 at 2). Further, therein Plaintiff lists the dates of the alleged discriminatory action as occurring between September 5, 2019, and March 3, 2020. Id. Plaintiff's Amended Complaint contains allegations of discrimination occurring within that time period, and thus Defendants argue that because the Charge is still pending, Plaintiff has failed to exhaust her administrative remedies and cannot bring claims pursuant to Title VII and the ADA.

The Court finds Plaintiff's Title VII and color discrimination claims should not be dismissed in their entirety. It is important to note that the exhaustion requirement is "not simply a formality to be rushed through" but instead "serve[s] the primary purposes of notice and conciliation." Chacko v. Patuxent Inst., 429 F.3d 505, 510 (4th Cir. 2005). The "administrative charge notifies the employer of the alleged discrimination" which allows the employer the "initial

opportunity to voluntarily and independently investigate and resolve the alleged discriminatory actions." Id. (citing Sloop v. Mem'l Mission Hosp., Inc., 198 F.3d 147, 149 (4th Cir.1999); 42 U.S.C. § 2000e–5(b)).

The Fourth Circuit has held that where "administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in h[er] formal suit," the plaintiff has failed to exhaust her administrative remedies. Sydnor, 681 F.3d at 593 (citing Chacko, 429 F.3d at 506). However, EEOC charges are to liberally construed and thus when claims brought in a judicial complaint are "reasonably related" to the EEOC charge, they should not be dismissed for failure to exhaust administrative remedies. Smith v. First Union Nat. Bank, 202 F.3d 234, 247 (4th Cir. 2000). Indeed, the Fourth Circuit has long recognized the "scope of a Title VII lawsuit may extend to any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the agency." Stewart v. Iancu, 912 F.3d 693, 705 (4th Cir. 2019) (citing Hill v. Western Electric Co., Inc., 672 F.2d 381, 390 n.6 (4th Cir. 1982) (internal quotations marks omitted).

Here, Plaintiff argues the purpose behind the administrative prerequisites has been met, because Defendants had sufficient notice of the Title VII and color discrimination claims. Plaintiff's July 2019 EEOC Charge listed Title VII and ADA violations as causes of action, and Plaintiff's original Complaint refers to "color" discrimination. Plaintiff argues that, read together, these documents demonstrate Defendants had sufficient notice of her Title VII and color discrimination claims, and thus the Court should find she has sufficiently exhausted her administrative remedies.

It is well-settled:

"[A] federal court may only consider those allegations included in the EEOC charge." Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 407 (4th Cir. 2013). Generally, claims filed in subsequent lawsuits that "exceed the scope of the EEOC charge . . . are procedurally barred." Chacko v. Patuxent Inst., 429 F.3d 505, 506 (4th Cir. 2005) (internal quotations omitted). However, claims exceeding the scope of the initial EEOC charge may be advanced in a subsequent civil suit if such claims are "reasonably related to the EEOC charge and . . . expected to follow from a reasonable administrative investigation [of the charge]." Smith v. First Union Nat'l Bank, 202 F.3d 234, 247–48 (4th Cir. 2000) (citing Chisholm v. United States Postal Serv., 665 F.2d 482 (4th Cir. 1981)); see also E.E.O.C. v. Gen. Elec. Co., 532 F.2d 359, 367 (4th Cir. 1976) ("[P]roceedings by the EEOC and the judicial suit may be as broad as the facts developed in a reasonable investigation of the charge will warrant."). While courts "may only look to the charge filed with [the EEOC]" in determining what claims plaintiff properly alleged before it, courts "must ... construe [those charges] with utmost liberality." Balas, 711 F.3d at 408 (internal quotations omitted).

E.E.O.C. v. Triangle Catering, LLC, No. 5:15-CV-00016-FL, 2017 WL 818261, at *6 (E.D.N.C. Mar. 1, 2017) (other citations omitted); see also Stewart v. Iancu, 912 F.3d 693, 705 (4th Cir. 2019) (recognizing the Fourth Circuit has "long held that courts may in fact adjudicate claims not raised before the agency, if certain requirements are met.").

With these principles in mind, the Court finds Defendants had sufficient notice of the potential claims against it, as Plaintiff referenced racial discrimination in her July 2019 EEOC charge and thereafter in her original and now Amended Complaint. Thus, this technical failure to include the specific term "Title VII" in the original complaint should not preclude the claim from moving forward, especially in light of the fact that the term was used in the July 2019 EEOC Charge. See Sydnor, 681 F.3d at 594 ("While it is important to stop clever parties from circumventing statutory commands, we may not erect insurmountable barriers to litigation out of overly technical concerns."). The same logic applies to Plaintiff's failure to check the "color" box in her July 2019 EEOC charge. See Fed. Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008) ("Title VII . . . sets up a remedial scheme in which laypersons, rather than lawyers, are expected

14

to initiate the process.") (internal citation omitted); see also Martin v. ISS Facilities, No. 1:20 CV 17 MR WCM, 2020 WL 5015451, at *3 (W.D.N.C. June 22, 2020) ("Plaintiff's race-based discrimination claim is like or reasonably related to any color-based discrimination claim in his Charge.), report and recommendation adopted, No. 1:20-CV-00017-MR-WCM, 2020 WL 4938335 (W.D.N.C. Aug. 24, 2020).

As to Plaintiff's Title VII and color discrimination claims related to to the July 2019 EEOC charge, the Court will not dismiss either claim at this stage pursuant to Rule 12(b)(6) or due to technical deficiencies, especially given Plaintiff's initial *pro se* status.

However, Defendants are correct in their argument that Plaintiff's Amended complaint exceeds the scope of her July 2019 EEOC charge in some respects. In EEOC Charge No. 430-2019-02193, Plaintiff asserted violations of Title VII and the ADA with respect to alleged discriminatory acts occurring from June 15, 2018, to June 27, 2019. (Doc. No. 17-3). Plaintiff timely filed suit on October 11, 2019, with respect to the allegations in that Charge. On March 3, 2020, Plaintiff filed a second charge with the EEOC in which she similarly asserted violations of Title VII and the ADA based on alleged acts of discrimination between September 5, 2019 and March 3, 2020. This charge is still pending, and thus Plaintiff has not yet exhausted her administrative remedies with respect to the allegations therein.

As the Fourth Circuit has noted, "the allegations contained in the administrative charge of discrimination generally operate to limit the scope of any subsequent judicial complaint." Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962–63 (4th Cir. 1996) (citation omitted); see also King v. Seaboard Coast Line R.R., 538 F.2d 581, 583 (4th Cir. 1976) ("Only those discrimination claims stated in the initial charge…may be maintained in a subsequent Title VII

lawsuit.").

As Defendants note, "the allegations in AC paragraphs 72 through 95" refer to the time frame listed in Plaintiff's March 2020 EEOC Charge. (Doc. No. 20 at 2). It is well-recognized in this Circuit that "a plaintiff fails to exhaust his administrative remedies where . . . h[er] administrative charges reference different time frames . . . than the central factual allegations in h[er] formal suit." Chacko, 429 F.3d at 506 (4th Cir. 2005). Because portions of Plaintiff's Amended Complaint contain allegations relating to a time period beyond that for which she received a right to sue letter from the EEOC, Plaintiff has failed to exhaust her administrative remedies with respect to those allegations.

Therefore, to the extent that Counts One and Four refer to allegations occurring between September 5, 2019, and March 3, 2020, they are DISMISSED without prejudice. The Court declines to allow amendment to add these claims at this stage, and Plaintiff retains the right to initiate a new suit accordingly. However, with respect to the allegations occurring between June 15, 2018, and September 5, 2019, Counts One and Four remain undisturbed by this dismissal.

**C. FMLA Claims**

Defendants also seek dismissal of Count Three of the Amended Complaint, wherein Plaintiff alleges claims of interference and retaliation against Defendant Wells Fargo in violation of the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq*. One of the primary purposes behind this Act is "to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition." 29 U.S.C. § 2601(b)(2).

"To make out an 'interference' claim under the FMLA, an employee must demonstrate that

16

(1) [s]he is entitled to an FMLA benefit; (2) h[er] employer interfered with the provision of that benefit; and (3) that interference caused harm." Adams v. Anne Arundel Cty. Pub. Sch., 789 F.3d 422, 427 (4th Cir. 2015) (citing Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 89, (2002); Wonasue v. Univ. of Md. Alumni Ass'n, 984 F.Supp.2d 480, 495 (D.Md. 2013)).

As to the FMLA retaliation claim, Plaintiff bears the burden of making a *prima facie* showing "that [s]he engaged in protected activity, that [Defendant] took adverse action against [her], and that the adverse action was causally connected to [her] protected activity." Mercer v. Arc of Prince Georges Cty., Inc., 532 F. App'x 392, 398 (4th Cir. 2013) (citing Cline v. Wal–Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir.1998)). If Plaintiff makes this *prima facie* showing, then the burden shifts to Defendant to "offer[ ] a nondiscriminatory explanation for its decision to terminate [Plaintiff]'s employment[.] [T]hereafter[,] the burden would return to [Plaintiff] to show that [Defendant]'s 'proffered explanation is pretext for FMLA retaliation.' " Mercer, 532 F. App'x at 398 (citing Nichols v. Ashland Hosp. Corp., 251 F.3d 496, 502 (4th Cir. 2001)).

"Dismissal under 12(b)(6) is generally regarded as appropriate only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Estate of Williams-Moore v. All. One Receivables Mgmt., Inc., 335 F. Supp. 2d 636, 646 (M.D.N.C. 2004) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). "A plaintiff need not plead detailed evidentiary facts, and a complaint is sufficient if it will give a defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Id. (citing Bolding v. Holshouser, 575 F.2d 461, 464 (4th Cir.1978)).

In light of these legal principles and without addressing the merits of Plaintiff's claim, the Court finds the pleadings are minimally sufficient to withstand a 12(b)(6) motion to dismiss.

Therefore, Defendants' Motion to Dismiss Count Three of Plaintiff's Amended Complaint is DENIED without prejudice. Given that the Court has dismissed Plaintiff's Title VII and ADA claims to the extent that they refer to allegations occurring within the time frame listed in Plaintiff's March 2020 EEOC charge, the Court concludes that any allegations that refer directly to the FMLA claim will remain undisturbed.

### D.  Section 1981 Claims

In the second count of the Amended Complaint, Plaintiff alleges she was subjected to a hostile work environment and discrimination based on race, color, and retaliation by all Named Defendants pursuant to 42 U.S.C. § 1981. (Doc. No. 13 at 16). "Section 1981 guarantees to all persons in the United States 'the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens.'" Spriggs v. Diamond Auto Glass, 165 F.3d 1015, 1017 (4th Cir. 1999) (citing 42 U.S.C. § 1981(a)).

While a plaintiff bringing an employment discrimination lawsuit is not required to allege specific facts to establish a *prima facie* case of discrimination, Plaintiff carries the burden of alleging sufficient facts to state each element of their claim. See Bass v. E.I. DuPont de Nemours & Co., 324 F.3d 761, 764–65 (4th Cir. 2003); see also Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002) ("[T]he Supreme Court's holding in Swierkiewicz v. Sorema did not alter the basic pleading requirement that a plaintiff set forth facts sufficient to allege each element of his claim." (internal citation omitted)).

As to the individual Named Defendants, the Court notes Count II is the sole claim that identifies "All Defendants" in the heading preceding the allegations related to this cause of action. (Doc. No. 16).  Plaintiff's response to the instant motion (Doc. No. 19) is noticeably silent and

18

lacks specific argument as to how the allegations sufficiently allege liability for these individuals. The Court finds that for the reasons stated in Defendants' Memorandum in support of the motion at bar (Doc. No. 17), Plaintiff's allegations as a whole fail to sufficiently allege or state a claim for relief against any Named Defendant. The Court GRANTS that portion of the Motion to Dismiss the Named Defendants pursuant to Rule 12(b)(6).

Turning to the sufficiency of allegations against Wells Fargo Bank, N.A., Plaintiff filed the instant Amended Complaint on March 12, 2020. (Doc. No. 13 at 20). Defendants point out that, pursuant to a recent Supreme Court case decided on March 23, 2020, Plaintiff's complaint does not meet the pleading standard for § 1981 claims. There, the Court held that in an action brought pursuant to 42 U.S.C. § 1981, a plaintiff must show that race is a, "but-for" cause of the discriminatory action. Comcast Corp. v. Nat'l Ass'n of African American-Owned Media, 140 S. Ct. 1009, 1014–15 (2020) ("[W]hile the materials the plaintiff can rely on to show causation may change as a lawsuit progresses from filing to judgment, the burden itself remains constant.").

Plaintiff argues the holding in Comcast should not apply retroactively to her Amended Complaint, which was filed on Mar. 12, 2020–fourteen days before issuance of this decision. (Doc. No. 19, p. 10). Given the pleading standard to survive a Motion to Dismiss under Rule 12(b)(6), Plaintiff contends her claims are sufficiently pled. Id.; see Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993) ("In considering a motion to dismiss [for failure to state a claim], the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff.") (internal citation omitted). In the alternative, Plaintiff requests the Court grant Plaintiff "a final opportunity to amend her pleadings to address any concerns of the Court, particularly in light of the Comcast case." (Doc. No. 19, p. 10).

19

In light of the particular circumstances of this case, the Court finds an opportunity to amend this claim is more appropriate under the present record. Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and provides:

> (2) Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182). The Fourth Circuit's policy is to "liberally allow amendment." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 293 (4th Cir. 2018) (quoting Galustian v. Peter, 591 F.3d 724, 729 (4th Cir. 2010)).

The Court is not persuaded there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. Construing the Amended Complaint liberally and in the light most favorable to Plaintiff, the Court declines to dismiss Plaintiff's claim at this stage and instead finds amendment to be more appropriate.

In light of Plaintiff's request and under the circumstances of the case, the Court directs Plaintiff to file, **within seven (7) days** of the entry of this Order, a Second Amended Complaint. In so doing, Plaintiff should seek to ensure the new pleading meets the "but-for" standard recently

20

articulated by the Supreme Court in <u>Comcast</u>. The Second Amended Complaint should also reflect the dismissal of claims and/or allegations as set forth in this Order.

Therefore, Defendants' Motion to Dismiss as to Count Two of Plaintiff's Amended Complaint is DENIED. However, this denial is without prejudice to allow Defendants to reassert any arguments as to the merits of this claim in a dispositive motion.

## IV.    Conclusion

IT IS THEREFORE ORDERED that Defendants' Motions to Dismiss (Doc. No. 16) is GRANTED IN PART AND DENIED IN PART as set forth herein. The Amended Complaint is DISMISSED as against all individually Named Defendants. Plaintiff is directed to file a Second Amended Complaint within SEVEN (7) days from the entry of this Order that incorporates the Court's rulings above.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. No. 6) filed prior to Plaintiff's Amended Complaint is DENIED AS MOOT.

IT IS SO ORDERED.

Signed: September 3, 2020

Frank D. Whitney
United States District Judge