UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00528-FDW

| | | |
|---|---|---|
| KIYA CUNNINGHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WELLS FARGO & COMPANY | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

THIS MATTER is before the Court on several motions filed by the parties: Defendant's "Motion for Contempt, Sanctions, and Dismissal of Plaintiff's Second Amended Complaint," (Doc. No. 43), Plaintiff's "Motion to Enforce Discovery Order," (Doc. No. 45), and Defendant's "Motion for Extension of Scheduling Order Deadlines," (Doc. No. 50). The parties have fully briefed these motions and they are ripe for ruling. For the reasons that follow, Defendant's Motion for Contempt, Sanctions, and Dismissal . . ." is GRANTED IN PART AND DENIED IN PART; Plaintiff's "Motion to Enforce Discovery Order" is DENIED, and Defendant's "Motion for Extension of Scheduling Order Deadlines" is GRANTED with modification.

In sum, Plaintiff, who appears pro se, and Defendant have had multiple discovery disputes throughout the course of this litigation. The Court conducted an informal telephone conference on October 19, 2021, with Plaintiff and counsel for Defendant because Plaintiff was refusing to answer questions at her deposition. The Court heard the parties' arguments, informed the parties of their respective discovery obligations, and made several rulings to resolve the disputes and move the case forward. That same day, the Court memorialized its ruling on the parties' disputes and

1

again reiterated to Plaintiff the burden she carried to respond to discovery requests and appear at her deposition pursuant to the Federal Rules of Civil Procedure or she could otherwise face sanctions, a finding of contempt, and/or dismissal of her case. (Doc. No. 39). The Court also allowed Plaintiff limited additional discovery in the form of document production from Defendant if she could narrowly tailor her requests in accordance with the Court's directive. Plaintiff subsequently filed a Motion For Clarification of the Court's prior order, which the Court granted in part to explain Plaintiff's discovery obligations, including those specifically related to procedures for her deposition. (Doc. No. 41). Again, the Court cautioned Plaintiff that failure to comply with discovery as ordered by the Court could result in a finding of contempt and/or sanctions, including the possibility of dismissal of her claims. Both parties have filed motions asking this Court to enforce its prior discovery orders, and the Court addresses them in turn, as well as the related motion for extension of deadlines.

A.      Defendant's Motion for Contempt, Sanctions and Dismissal

Citing to Rule 37 of the Federal Rules of Civil Procedure and this Court's previous orders, Defendant seeks sanctions, a finding of contempt, and dismissal of this case are appropriate based on Plaintiff's refusal to participate in her deposition and her refusal to execute a signed medical records release authorization required by Atrium Health. Plaintiff appeared for her deposition on November 19, 2021, and sought to record the deposition via the video feature on her personal iPad. Defendant objected noting the applicable Federal Rules of Civil Procedure that precluded Plaintiff from doing so. Plaintiff then refused to answer questions until she had a videographer of her choice appear at the deposition. Plaintiff also refused the opportunity to have the court reporter who was present at the deposition record the deposition using the video features on Zoom. The deposition

was terminated, although the parties dispute what happened next. Plaintiff contends the deposition was stopped so she could have "a chance to quickly find a videographer," which she contends she found on the same day after she left her deposition and that she attempted to inform counsel for Defendant of this in order to continue her deposition. Defendant, on the other hand, contends there is no dispute that Plaintiff walked out of her deposition on November 19, refusing to answer questions without a videographer, despite being offered to have the court reporter already present video record the deposition via Zoom. Plaintiff indicated she was going to file a motion with this Court about her deposition, but never did.

As ordered in the telephone conference with the Court, Plaintiff executed a signed medical records release authorization. Multiple health care providers accepted the release and responded to Defendant's subpoena for Plaintiff's medical records. Atrium Health, however, notified Defendant that Plaintiff would need to execute its specific medical records release form before it would produce documents responsive to Defendant's subpoena. Defendant provided Atrium Health's release authorization form to Plaintiff, who has refused to execute it.

Rule 37(b) of the Federal Rules of Civil Procedure permits the Court to enter sanctions against a party for failure to cooperate in discovery. In pertinent part, that rule provides:

> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

. . . .

(C) Payment of Expenses. Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

In determining the appropriate sanctions to impose under Rule 37, this Court must consider four factors: "'(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective.'" S. States Rack And Fixture, Inc. v. Sherwin-Williams Co., 318 F.3d 592, 597 (4th Cir. 2003) (quoting Anderson v. Found. for Advancement, Educ. & Employment of Am. Indians, 155 F.3d 500, 504 (4th Cir. 1998); accord Belk v. Charlotte–Mecklenburg Bd. of Educ., 269 F.3d 305, 348 (4th Cir.2001) (en banc), cert. denied, 535 U.S. 986, 122 S. Ct. 1537, 152 L.Ed.2d 465 (2002)). The Fourth Circuit has explained, "These factors reflect the 'great[] caution' courts must exercise before imposing the severe sanction of dismissal." Beach Mart, Inc. v. L&L Wings, Inc., 784 F. App'x 118, 124 (4th Cir. 2019) (citing United States v. Shaffer Equip. Co., 11 F.3d 450, 462 (4th Cir. 1993)). In addition, "[t]he Fourth Circuit has emphasized the significance of establishing a history of dilatory action and warning to the offending party of what may follow prior to imposing monetary sanctions or dismissing the action for failure to comply with discovery obligations." United States v. Approximately $88,125.00 in United States Currency, No. 3:10CV486, 2013 WL 98280, at *1

4

(W.D.N.C. Jan. 8, 2013) (citing <u>Hathcock v. Navistar Intern. Trans. Corp.</u>, 53 F.3d 36, 40 (1995); <u>Choice Hotels Int'l v. Goodwin & Boone</u>, 11 F.3d 469, 473 (4th Cir.1993); <u>Lolatchy v. Arthur Murray, Inc.</u>, 816 F.2d 951, 953 (4th Cir.1987)).

Turning to the four factors outlined by the Fourth Circuit, the Court first concludes Plaintiff's steadfast failure to comply with her obligations concerning discovery supports a finding of bad faith, not inadvertence. The Court does not single out one specific instance as indicative of bad faith. Instead, the record as a whole that presents Plaintiff's history of delay and non-compliance. Her repeated failure to comply with the Court's prior orders, despite being warned of the expectation that the parties cooperate with each other to effectuate the order and of the prospect of sanctions for failure to comply, demonstrates bad faith. Her ongoing conduct has needlessly delayed and disrupted the course of litigation in a case she instituted. She continues to violate the Court's orders regarding discovery, ignore the Rules of Civil Procedure, and unreasonably object to Defendant's attempts to maintain an orderly discovery process.

The fact that Plaintiff appears pro se does not mitigate the Court's finding of bad faith here, particularly where the Court has explained her obligations in a telephone conference (where she was permitted to make argument and ask questions), an order, and an additional order clarifying the prior order. Self-represented litigants "as well as other litigants are subject to the time requirements and respect for court orders without which effective judicial administration would be impossible." <u>Ballard v. Carlson</u>, 882 F.2d 93, 96 (4th Cir. 1989). Indeed, a litigant's pro se status does not excuse him or her from complying with the Federal Rules of Civil Procedure. <u>See</u> <u>Bailey-El v. Hous. Auth. of Baltimore City</u>, 795 F. App'x 183 (4th Cir. 2020) (affirming dismissal of the pro se plaintiff's complaint as a sanction for failure to cooperate with discovery); <u>see also</u>

5

<u>Dancy v. Univ. of N.C. at Charlotte</u>, No. 3:08–CV–166–RJC–DCK, 2009 WL 2424039, at *2 (W.D.N.C. Aug. 3, 2009).  In no uncertain terms, Plaintiff has been instructed multiple times to appear for her deposition and answer *all* questions by counsel, noting her objections on the record prior to responding.  Notwithstanding this clear directive, Plaintiff again refused to answer questions at her deposition.  In a similar vein, despite the Court advising Plaintiff that her medical records are discoverable and the Court's orders compelling her to execute the appropriate medical records release, Plaintiff refuses to complete the necessary release documents for Defendant to obtain her medical records from Atrium Health.  Her asserted objections to the Atrium Health release form, including her challenges to the process through which defense counsel engaged in order to subpoena the documents, are speculative at best and without merit. Again, this continued refusal to comply with clear directives from the Court demonstrates bad faith.

As to the second factor, Plaintiff's conduct has materially prejudiced Defendant, who has noticed, prepared for, and appeared to take Plaintiff's deposition—*twice*.  Plaintiff's noncompliance has caused her adversary losses in time and money in pursuing her deposition and the medical release authorization for Atrium Health, in addition to forcing Defendant to seek extensions of deadlines from the Court to allow additional time for Plaintiff to comply with discovery.  Without Plaintiff's participation in her deposition or her consent to release of her medical records, Defendant has been unable to adequately prepare their case, a situation that puts them at a distinct and prejudicial disadvantage.  Third, this record demonstrates the need for deterrence of Plaintiff's repeated failure to engage in discovery in accordance with applicable law despite the Court repeatedly informing her of this obligation.  Fourth, the Court has considered what sanctions, including less drastic sanctions than dismissal, will be effective.  Finally, the Court

finds that neither Plaintiff's refusal to participate in her deposition in November nor her refusal to execute the additional medical records release form are substantially justified. She had advance notice that her deposition would not be videorecorded, and exhibits to the instant motions indicate defense counsel patiently gave Plaintiff multiple opportunities and consistent explanations as to the need for the supplemental medical release authorization form required by Atrium Health.

The Court will not dismiss this action at this time, as decisions on the merits are more favored in the Fourth Circuit and lesser sanctions are available. Zornes v. Specialty Indus., Inc., 166 F.3d 1212 (4th Cir. 1998) ("Rule 37 is flexible. It gives the district court a wide range of possible sanctions from which the court is given the discretion to choose the most appropriate considering the unique circumstances of each case." (citation omitted). Instead, the Court will sanction Plaintiff by ordering her to pay the reasonable expenses, including attorney's fees, incurred by Defendant for the deposition on November 19, 2021, as well as the attorney's fees incurred in the multiple requests to Plaintiff to execute the medical records release authorization for Atrium Health. In addition, the Court will order Plaintiff to pay the reasonable attorneys' fees associated with bringing the instant motion (Doc. No. 43), including its reply brief (Doc. No. 48). Excluded from this sanction are the attorneys' fees associated with responding to Plaintiff's discovery motion (Doc. No. 45).

No later than **January 25, 2022**, Defendant shall file on the docket an affidavit, supported by billing records and redacting any privileged information, as to the reasonable costs and attorneys' fees allowed pursuant to this Court's ruling. Upon receipt of the affidavit and supporting documentation, the Court will enter a subsequent order specifying the amount owed by Plaintiff to Defendant as a sanction for her failure to comply with discovery and this Court's orders.

7

In addition, Plaintiff shall execute the medical records release authorization required by Atrium Health no later than **January 14, 2022**. Given the unique issues in this case, Defendant shall file with the Court the notice of Plaintiff's deposition no later than **January 25, 2022**. The deadline for conducting Plaintiff's deposition is **February 11, 2022**. As previously instructed, Plaintiff must appear at her deposition as noticed, she must answer all questions of counsel, and she may note any objections to any question and then answer the question.

**<u>Plaintiff is cautioned that failure to comply with this Order could result in the dismissal of her case with prejudice.</u>** And, it bears noting that given the significant involvement by the Court thus far in resolving discovery disputes on multiple occasions, if Plaintiff fails to comply with this Order, the Court will not be inclined in the future to grant the same leniency shown here in allowing Plaintiff to continue to her case and pursue her causes of action against Defendant.

B.     Plaintiff's Motion to Enforce Discovery Order

Next, the Court summarily denies Plaintiff's Motion to Enforce Discovery Order. The majority of Plaintiff's motion misconstrues the Court's prior Order allowing Plaintiff limited discovery of email communications related to Plaintiff's claims in this lawsuit. In the telephone conference addressing the parties' initial discovery disputes, the parties were able to amicably reach an agreement on Plaintiff's then-pending Motion to Compel, and the Court's subsequent order confirmed that Plaintiff could supplement her initially overly-broad discovery requests by identifying "search terms (up to 10 words), people, and time frame for Defendant to be able to identify and produce any communications from March 2018 to August 2020 that are relevant to Plaintiff's claims and have not already been produced by Defendant." (Doc. No. 39, p. 2). In

8

response, Plaintiff sent requests to Defendant that identified individuals and time periods, but failed to indicate ten search terms to limit the document production of communications involving these individuals and time periods. Indeed, Plaintiff concedes, "Plaintiff identified people and time frames *as search terms* . . . ." (Doc. No. 49, p. 1 (emphasis added)). Plaintiff also added additional discovery requests that had not been previously discussed with the Court. (Doc. No. 45-1, pp. 29-34).

"[D]iscovery rules are to be accorded a broad and liberal treatment to effect their purpose of adequately informing the litigants in civil trials." Herbert v. Lando, 441 U.S. 153, 177 (1979); see Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant may not use discovery requests to annoy, embarrass, oppress, or cause an undue burden or expense to his opposing party. See Fed.R.Civ.P. 26(c)(1). Additionally, the court has "substantial discretion" to grant or deny motions to compel discovery. Lone Star Steakhouse & Saloon. Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995). And it is well-settled law that "[d]iscovery should not become a 'fishing expedition.'" Cohn v. Bond, 953 F.2d 154, 159 (4th Cir. 1991) (citation omitted).

After reviewing Plaintiff's supplemental request, the Court concludes her requests continue to be vague, ambiguous, overly broad, and unduly burdensome. (See Doc. No. 45-1, pp. 29-34). Plaintiff's failure to tailor her requests in accordance with the parties' agreement and the Court's order is fatal, as her supplemental requests fail to satisfy the basic inquiry into relevancy. See Fed. R. Civ. P. 26(b). Of course, not *all* communications involving the persons and time periods identified by Plaintiff are discoverable. Without the appropriate identification of search terms to narrow the scope, the Court is left to guess as to the relevancy of the requests. Futhermore, Defendant already produced a significant amount of documents in response to Plaintiff's request.

In short, Plaintiff failed to avail herself of the opportunity allowed by the Court to obtain limited discovery on email communications, and Defendant's objections to her requests are valid in accordance with applicable law. Additionally, it appears as though Defendant's previous document production fulfills many of the new requests Plaintiff asserted. As to Plaintiff's unsubstantiated claims of misconduct by Defendant and its counsel during discovery in this litigation, those arguments are without merit and are also summarily denied.

C.      Motion for Extension of Time

Finally, in light of the discovery disputes and inability to conduct Plaintiff's deposition prior to the dispositive motions deadline, Defendant requests an extension of the dispositive motions deadline, which—given the current settings—will also necessitate a continuance of trial. The Court grants the motion and hereby extends the following deadlines:

| | |
|---|---|
| Deadline for Plaintiff's Deposition | February 11, 2022 |
| Dispositive Motions Deadline | March 4, 2022 |
| Jointly-Prepared Pretrial Submissions | April 22, 2022 |
| Docket Call and Pretrial Conference | May 2, 2022 |
| Trial | May 2, 2022 |

The Court does not intend to conduct a hearing on any dispositive motions that are filed. If, after reviewing the dispositive motions, the Court finds that a hearing would aid in the decisional process, it will notice a hearing.

IT IS THEREFORE ORDERED that Defendant's Motion for Sanctions, Contempt, and Dismiss (Doc. No. 43) is GRANTED IN PART and DENIED IN PART. Plaintiff shall pay reasonable expenses and attorneys' fees as ordered herein. Defendant shall provide the requested documentation to support an appropriate amount no later than January 25, 2022.

10

IT IS FURTHER ORDERED that Plaintiff shall execute the medical records release authorization required by Atrium Health no later than January 14, 2022. Defendant shall file notice of Plaintiff's deposition no later than January 25, 2022, and the deadline for conducting this deposition is February 11, 2022.

IT IS FURTHER ORDERED that Plaintiff's Motion to Enforce Discovery (Doc. No. 45) is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion for Extension of Time (Doc. No. 50) is GRANTED, and the new deadlines shall be as follows:

| | |
|---|---|
| Deadline for Plaintiff's Deposition | February 11, 2022 |
| Dispositive Motions Deadline | March 4, 2022 |
| Jointly-Prepared Pretrial Submissions | April 22, 2022 |
| Docket Call and Pretrial Conference | May 2, 2022 |
| Trial | May 2, 2022 |

**IT IS FURTHER ORDERED that <u>Plaintiff is once again cautioned that any further refusal to participate in discovery or her deposition could result in the dismissal of her case with prejudice.</u>**

IT IS SO ORDERED.

Signed: January 11, 2022

Frank D. Whitney
United States District Judge

11