UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00528-FDW

| KIYA CUNNINGHAM, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | and |
| WELLS FARGO N.A, | ) | NOTICE |
| Defendant. | ) | |

THIS MATTER is before the Court on several pending motions: Defendant's Second Motion for Contempt, Sanctions, and Dismissal, (Doc. No. 61) (hereinafter, "Second Motion"), as well as Defendant's Motion for Summary Judgment, (Doc. No. 63), and Plaintiffs' Motions for Extension of Time, (Doc. Nos. 66, 68).

The Court adopts and incorporates the authorities and argument set forth in Defendant's memorandum and reply in support of the "Second Motion." (Doc. Nos. 62, 67). The Court finds that Plaintiff's conduct impeded, delayed, *and* frustrated the fair examination of her during the deposition on February 11, 2022. See Fed. R. Civ. P. 30(d)(2). The Court therefore GRANTS IN PART that portion of the "Second Motion" seeking sanctions, and the Court will award Defendant the reasonable expenses and attorney's fees incurred by Defendant as a result Plaintiff's misconduct. The Court will also award as a sanction the reasonable expenses, including attorney's fees, incurred by Defendant in bringing the instant motion. Defendant shall file an affidavit of fees and costs with the Court.

The Court DENIES IN PART that portion of the Second Motion seeking dismissal of this case. Instead, the Court will grant the alternate request by Defendant to reopen discovery for the

1

sole and limited purpose of conducting Plaintiff's deposition.  Defendant shall have until **May 20, 2022**, to conduct Plaintiff's deposition, and pursuant to Fed. R. Civ. P. 30(d)(1), the Court finds that because Plaintiff impeded, delayed, and frustrated her first examination, Defendant is entitled to the full seven (7) hours to conduct the newly-noticed deposition.  PLAINTIFF IS HEREBY CAUTIONED THAT FAILURE TO APPEAR AT HER DEPOSITION AS NOTICED AND ANSWER ALL QUESTIONS OF COUNSEL WILL RESULT IN THE DISMISSAL OF HER CASE PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, including but not limited to Federal Rules of Civil Procedure 30, 37, and 41(b).

As a result, the Court will also DENY WITHOUT PREJUDICE Defendant's Motion for Summary Judgment so that it may be refiled following Plaintiff's deposition.[1]  Defendant may renew its motion for summary judgment no later than **June 17, 2022**.  Plaintiff shall file her response to Defendant's motion no later than **July 6, 2022**.  Defendant shall have seven (7) days after the filing of any response by Plaintiff to submit a reply.  Given the delays thus far in this case, the Court does <u>not</u> anticipate granting any extensions of time for these deadlines.  In light of these extended deadlines, the Court finds it necessary to continue trial from its current setting on May 2, 2022, to the Court's **September 12, 2022**, docket.

TAKE NOTICE that in accordance with the principles set forth in <u>Roseboro v. Garrison</u>,[2] the Court advises Plaintiff, who is proceeding *pro se*, of the burden she carries in responding to

---

[1] The Court notes that Plaintiff did not file a motion for summary judgment before the existing deadline, and no cause exists under this record to reopen that deadline for her. Accordingly, only Defendant may renew a motion for summary judgment.

[2] <u>See</u> <u>Roseboro v. Garrison</u>, 528 F.2d 309, 310 (4th Cir. 1975) ("We agree with the plaintiff, however, that there is another side to the coin which requires that the plaintiff be advised of his right to file counter-affidavits or other responsive material and alerted to the fact that his failure to so respond might result in the entry of summary judgment against him."); <u>see also</u> <u>Norman v. Taylor</u>, 25 F.3d 1259, 1261 (4th Cir. 1994) ("In <u>Roseboro v. Garrison</u>, 528 F.2d

2

Defendant's motion for summary judgment. The Court also advises Plaintiff that failure to respond may result in dismissal of the complaint or judgment entered in favor of Defendant. Defendant may renew their motion summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, which states in section (a) of Rule 56: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(c) provides the procedures for parties to make motions for summary judgment, as well as the procedures for opposing such motions:

> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
> (2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
> (3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.
> (4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

This language means that if Plaintiff has any evidence to offer to show that there is a genuine dispute as to any material fact for trial, she must present it to this Court in a form which would otherwise be admissible at trial, for example, exhibits, affidavits, or unsworn declarations. An affidavit is a written statement sworn before a notary public. Unsworn statements, made and

---

309 (4th Cir. 1975), this circuit held that pro se plaintiffs must be advised that their failure to file responsive material when a defendant moves for summary judgment may well result in entry of summary judgment against them.").

3

signed under the penalty of perjury, may also be submitted. Plaintiff should also be aware that under Rule 56(e), "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion; [or] grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it . . . ." Fed. R. Civ. P. 56(e)(2-3). Plaintiff should bear these principles in mind when responding to Defendant's renewed motion for summary judgment.

IT IS THEREFORE ORDERED that Defendant's Second Motion for Contempt, Sanctions, and Dismissal (Doc. No. 61) is GRANTED IN PART AND DENIED IN PART. Defendant shall have until May 20, 2022, to take Plaintiff's deposition.

IT IS FURTHER ORDERED that Trial in this matter is continued to September 12, 2022.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 63) is DENIED WITHOUT PREJUDICE to be refiled by June 17, 2022. Plaintiff's Motions for Extension of Time (Doc. No. 66, 68) are DENIED AS MOOT.

IT IS SO ORDERED.

Signed: April 20, 2022

_____
Frank D. Whitney
United States District Judge