UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:19-cv-00528-FDW

| | |
|---|---|
| KIYA CUNNINGHAM, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WELLS FARGO BANK, N.A., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's "Second Motion for Reconsideration," (Doc. No. 74). The instant motion provides no new basis for relief and simply re-argues issues already raised—and decided—by this Court. Put simply, Plaintiff's filing is frivolous and continues her pattern of vexatious litigation in this case. The motion is DENIED.[1]

Furthermore, **Plaintiff is hereby cautioned that future *frivolous* motions filed in this case may result in sanctions, including monetary sanctions, dismissal, and/or a prefiling injunction**. See Hathcock v. Navistar Int'l Transp. Corp., 53 F.3d 36, 40-41 (4th Cir. 1995) (affirming district court's default sanction for violation of Fed. R. Civ. P. 37 and reiterating "the significance of warning a [party] about the possibility of default before entering such a harsh sanction . . . [because] a party is entitled to be made aware of the drastic consequences of failing to meet the court's conditions at the time the conditions are imposed, when he still has the

---

[1] To the extent Plaintiff's motion also seeks to notify the Court of the parties' agreement to extend the discovery deadline, that is permitted under this Court's standing orders and the Case Management Order in this case. See Doc. No. 27, p. 2 ("[The Court preauthorizes the parties to stipulate to the taking of discovery beyond the discovery completion deadline provided that any such extension expires not later than fourteen (14) calendar days prior to the scheduled trial term and a joint stipulation memorializing the extension is filed on the record."). The remainder of Plaintiff's motion that seeks relief from this Court is otherwise entirely frivolous and vexatious.

1

opportunity to satisfy the conditions and avoid the sanction." (cleaned up); see also 28 U.S.C. § 1651(a); Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817-20 (4th Cir. 2004) ("[E]ven if a judge, after weighing the relevant factors, properly determines that a litigant's abusive conduct merits a prefiling injunction, the judge must ensure that the injunction is narrowly tailored to fit the specific circumstances at issue." (citations omitted)).

IT IS THEREFORE ORDERED that Plaintiff's "Second Motion for Reconsideration," (Doc. No. 74), is DENIED.

IT IS SO ORDERED.

Signed: May 19, 2022

Frank D. Whitney
United States District Judge