UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:19-CV-00528-FDW

| | |
|---|---|
| KIYA CUNNINGHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's Motion for Reconsideration (Doc. No. 93). This matter has been fully briefed, (Doc. Nos. 93, 95, 97), and is ripe for ruling. Having carefully considered the motion and the record, the undersigned will DENY the motion.

## I. BACKGROUND

Plaintiff seeks reconsideration of the Court's prior order granting summary judgment for Defendant. (Doc. No. 91). On July 1, 2022, Defendant moved for summary judgment. (Doc. No. 79). Plaintiff filed a motion for an extension of time to file a response on July 20, 2022. (Doc. No. 83). This Court granted Plaintiff's motion for an extension on July 21, 2022, while cautioning her that "[t]he Court does not anticipate allowing Plaintiff any additional extensions of time . . . ." (Doc. No. 84, p. 1). Plaintiff subsequently filed her response brief, (Doc. No. 85), *eight* days past the new deadline of July 26, 2022, which was the deadline *specifically requested by Plaintiff*. (Doc. No. 83, p. 1). Moreover, Plaintiff provided no explanation to accompany her untimely submission. Consequently, on August 30, 2022, the Court granted Defendant's motion to strike Plaintiff's response brief, noting the Court had reminded Plaintiff that she "has repeatedly received leniency from this Court for violations of this Court's orders, Federal Rules, Local Rules, and this Court's

1

Standing Orders; and in each instance, the Court cautioned Plaintiff that failure to comply with applicable rules could result in sanctions or dismissal of her case." (Doc. No. 91).[1] In the same order, the Court also granted Defendant's Motion for Summary Judgment. Twenty-eight days thereafter, on September 27, 2022, Plaintiff filed a motion to reconsider the prior order granting summary judgment "pursuant to Rules 52(e), 59(e), or 60(b) of the Federal Rules of Civil Procedure." (Doc. No. 93, p. 1). In her motion, Plaintiff claims that in preparing and filing her response to Defendant's summary judgment motion, she experienced additional technical difficulties, "she was unable to properly assemble her response with the library computer equipment," and she became ill before she was able to finish a response. Id. at 1–2.

## II. ANALYSIS

Because Plaintiff filed this motion within twenty-eight days of the entry of Summary Judgment, the Court shall treat her motion as one seeking relief pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. See Pauley on behalf of Pauley v. Noran, 2022 WL 17663503, at *1 (4th Cir. Dec. 14, 2022) ("Turning to the district court's order denying Rule 59(e) relief, a motion for reconsideration that is filed more than 28 days after the underlying judgment generally

---

[1] Although Plaintiff's failure to abide by this Court's directives appears throughout the docket, the Court provides the following by way of example. During a deposition on October 19, 2021, Plaintiff refused to answer questions from Defendant's counsel. Thus, the Court held an emergency telephonic conference with the parties during which the Court warned Plaintiff of the possibility of "sanctions and/or a finding of contempt by this Court and/or dismissal of her case" if she did not comply with applicable rules. (Doc. No. 39). The Court memorialized its rulings on the parties' disputes in an order in which it included the warnings it gave to Plaintiff during the telephone conference. Id. Afterward, Plaintiff filed a Motion for Clarification of this order. (Doc. No. 40). The Court granted the motion in part to explain Plaintiff's discovery obligations and again cautioned her of the potential consequences for failing to comply with discovery rules. (Doc. No. 41). Nonetheless, Plaintiff refused to participate in her rescheduled deposition on November 19, 2021, and she failed to execute a signed medical records release authorization, which the Court specifically instructed her to do during the emergency telephone conference. (Doc. No. 51). Then, in an order in which the Court addressed several motions made by the parties, including granting sanctions against the Plaintiff and setting new deadlines, the Court further ordered that "**Plaintiff is once again cautioned that any further refusal to participate in discovery or her deposition could result in the dismissal of her case with prejudice.**" Id. (Emphasis in original). Later, in another order, the Court *again* cautioned Plaintiff "THAT FAILURE TO APPEAR AT HER DEPOSITION AS NOTICED AND ANSWER ALL QUESTIONS OF COUNSEL WILL RESULT IN THE DISMISSAL OF HER CASE PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE . . . ." (Doc. No. 70).

should be treated as a Fed. R. Civ. P. Rule 60(b) motion, even if it is labeled by the litigant as a Rule 59(e) motion." (citing In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992) (per curiam))); see also Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 412 (4th Cir. 2010) (recognizing that, under the previous version of Rule 59(e), "a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after entry of the adverse judgment and seeks to correct that judgment").

A motion to reconsider under Rule 59(e) "can be successful in only three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence . . . ; or (3) to correct a clear error of law or prevent manifest injustice." Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020) (citing Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007)).

Here, none of Plaintiff's reasons as to why the Court should grant her motion to reconsider meet any of these requirements. In fact, the only situation possibly applicable is the prevention of manifest injustice, as there has been no intervening change in controlling law, no new evidence, and no showing of a clear error of law. Denying Plaintiff's motion, however, is wholly fair and just. Plaintiff contends additional technical difficulties coupled with illness prevented her from filing a timely response to Defendant's motion for summary judgment. (Doc. No. 93). Plaintiff also claims she "thought she had filed her Notice to the Court providing an explanation for her untimely response." Id. The Court, however, had already granted Plaintiff an extension to file a response in which it made explicitly clear "**[t]he Court does not anticipate allowing Plaintiff any additional extensions of time** . . . ." (Doc. No. 84). Given the circumstances of this case and the leniency the Court has already shown Plaintiff throughout the duration of this litigation (despite her repeated excuses for failure to comply), denying her motion for reconsideration despite her explanations for failure to comply is not unjust on this record.

3

Moreover, Plaintiff's response to Defendant's motion for summary judgment vastly exceeded the 6,000-word count limitation. (Doc. No. 27). Thus, even if the Court were to grant Plaintiff's motion, her response would need to be resubmitted. Seeing as the Court has already granted Plaintiff grace by having afforded her extensions on time to file on three previous occasions since she began to represent herself *pro se*, (Doc. No. 35, 60, 84), granting another extension is unwarranted on this record.

### III. CONCLUSION

For the above reasons, denial of Plaintiff's motion is appropriate.

**IT IS, THEREFORE, ORDERED** that the Motion for Reconsideration, (Doc. No. 93), is DENIED.

**IT IS SO ORDERED.**

Signed: August 17, 2023

Frank D. Whitney
United States District Judge